UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MICAH J. OJADUNAWAY,

     Plaintiff,

v.                                                 Case No. 1:25-cv-226-TKW/MJF

OFFICER NELSON, *et al.*,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

     Because Plaintiff failed to comply with two court orders and failed to prosecute this civil action, the District Court should dismiss this action without prejudice.

### BACKGROUND

     The undersigned screened Plaintiff's complaint under 28 U.S.C. §§ 1915(A) and 1915, and on October 1, 2025, the undersigned ordered Plaintiff to file an amended complaint or notice of voluntary dismissal. Doc. 6. The undersigned imposed a compliance deadline of October 31, 2025, and warned Plaintiff that the failure to comply with the order likely would result in dismissal of this action. The undersigned twice granted Plaintiff an extension to submit his amended complaint and imposed a

final compliance date of February 25, 2026. Docs. 8, 11, 13. Plaintiff did not comply with that order.

On March 11, 2026, the undersigned ordered Plaintiff to explain and show cause for his failure to comply with the undersigned's order of October 1, 2025. Doc. 14. The undersigned imposed a compliance deadline of March 25, 2026, and again warned Plaintiff that the failure to comply with the order likely would result in dismissal of this action. Plaintiff has not complied with that order.

## DISCUSSION

"Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss an action "[i]f a party fails to comply with an applicable rule or a court order"). A district court also may dismiss a civil action *sua sponte* for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 632 (1962). Plaintiff has failed to comply with court orders and failed to amend his complaint. Plaintiff has offered no excuse for his failures and,

consequently, has not shown good cause. Accordingly, dismissal of this civil action is appropriate.

## CONCLUSION

Because Plaintiff failed to comply with court orders and failed to prosecute this action the undersigned respectfully **RECOMMENDS** that the District Court:

1.   **DISMISS** this action without prejudice.

2.   **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this 17th day of April, 2026.

/s/ *Michael J. Frank*

**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to a magistrate judge to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**